On cross-examination, the witness stated that he did not check the bales themselves but had checked the records made by employees of the licensed warehouse.

Although all of the regulations were not complied with in the instant case, the issue before the court is whether there was, in fact, a nonimportation of the merchandise. *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433; *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351. On this issue, plaintiff has the burden of proving, at least *prima facie*, that the missing merchandise never as a matter of fact arrived at the port of entry. *United States* v. *Brown*, 2 Ct. Cust. Appls. 189, T. D. 31943. Statements on the inspector's report have been held insufficient to establish a nonimportation, unless corroborated by other evidence. *Washington State Liquor Control Board (Transferee)* v. *United States*, 26 Cust. Ct. 58, C. D. 1299; *Ungerer & Co., Inc.* v. *United States*, 29 Cust. Ct. 302, C. D. 1483.

In the instant case, the report of the discharging inspector and other papers in the official file show that bales numbered 16 and 17 did not arrive with the other 9 bales, but that bale No. 17 was received later. Apparently a notice of short shipment was sent to the importer by customs officials, but the required affidavit was not filed in time. The witness Rogness stated, however, that bale No. 16 was received at the same time as bale No. 17, but that the former went to the Columbia Wool Scouring Mills, while the latter was placed in bonded warehouse with the other nine bales. Far from proving a nonimportation, this testimony indicates that the missing merchandise was received at the port of entry and was sent to a firm connected with the importing company. The witness stated that duty was paid on 11 bales, but there is no error in this, since 11 bales were imported. There is no evidence that duty was paid twice on bale No. 16. The additional duty assessed was apparently based on the adjusted weight and clean content of the merchandise, and there is nothing in the record to show that these were incorrect.

On the record presented, we hold that plaintiff has not sustained its burden of proving that there was a nonimportation of any of the entered merchandise. The protest is overruled, and judgment will be rendered for the defendant.

**No. 58898.**—J. W. Podmore & Sons *v.* United States, protests 151535–K, etc. (Honolulu, T. H.).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 58899.**—W. Y. Moberly *v.* United States, protests 182620–K, 189614–K, and 189615–K (Great Falls).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 58900.**—John L. Westland & Son, Inc. *v.* United States, protest 234177–K (Los Angeles).

Opinion by JOHNSON, J. At the trial, it was stipulated that if the merchandise were now before the examiner, he would classify it as plates, 7⅝ inches in diameter, over $3.45 per dozen, dutiable, as claimed, under paragraph 212, as amended, *supra*. In view of the stipulation and following Abstract 58716, the claim of the plaintiff was sustained.

**No. 58901.**—George Beurhaus & Co. and Hoyt, Shepston & Sciaroni *v.* United States, protests 240061–K and 239989–K (San Francisco).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of pumpkin seed kernels the same in all material respects as those the subject of *George Beurhaus Co.* and *Hoyt, Shepston & Sciaroni* v. *United States* (32 Cust. Ct. 269, C. D. 1612), the claim of the plaintiffs was sustained.

**No. 58902.**—Carole Stupell, Ltd. *v.* United States, protests 166979–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.

**No. 58903.**—Gimbel Bros, Inc., et al. *v.* United States, protests 193660–K, etc. (New York).